418 So.2d 805 (1982)
Jack JOHNSTON, Appellant as Realigned,
v.
Mrs. Mary Kathryn Ellis STINSON and Glen A. Stinson, Appellees as Realigned.
No. 53393.
Supreme Court of Mississippi.
August 18, 1982.
Rehearing Denied September 8, 1982.
Johnson & Johnson, Forrest A. Johnson, Jr., Natchez, for appellant.
Zuccaro, Riley, Pintard, Brown & Carby, J. Walter Brown, Jr., Joseph S. Zuccaro, Natchez, for appellees.
Before WALKER, P.J., and BROOM and ROY NOBLE LEE, JJ.
WALKER, Presiding Justice, for the Court:
This is an appeal from the Circuit Court of Adams County wherein judgment was entered in favor of Johnston, appellant as realigned, for $19,560.13 in actual damages. He had also asked for punitive damages, but the court directed a verdict against him on that issue as well as crop loss. Aggrieved with the court's ruling as to damages, Johnston has perfected his appeal to this Court.
The Stinsons have filed their cross-appeal contending that no judgment in any amount should have been rendered against them.
We affirm on direct appeal and reverse and render on cross-appeal.
On April 7, 1980, Johnston filed a declaration against the Stinsons for tortious conversion of certain farm equipment. He sought $704,083.50 in actual and punitive damages.
*806 Johnston and the Stinsons had entered into a lease agreement whereby Johnston agreed to lease certain farm land belonging to the Stinsons for a five-year period. A security agreement and sales contract were entered into wherein Johnston agreed to purchase various pieces of farm equipment from the Stinsons. The agreements provided, among other things, that Johnston would carry not only liability insurance but that he would insure all farm equipment covered by the sales contract against risk of loss up to the full insurable value of each item.
It is undisputed that Johnston only insured what he termed "rolling stock" amounting to approximately one-half the value of the equipment with no coverage whatsoever on the remaining equipment. The failure to secure adequate coverage as provided for within the terms of the lease and sales agreements, as well as failure to comply with numerous other provisions, was called to Johnston's attention several times by Stinson. It can hardly be disputed that there was a material breach of the contract committed, giving Stinson the right to repossess the equipment covered by the agreement.
Numerous questions are raised on direct and cross appeals. However, it is not necessary for us to reach any other question raised since a breach of the contract was committed by Johnston so as to give Stinson the right to retake the farm equipment covered in their sales contract.
As previously stated, it is undisputed that Johnston did not purchase adequate insurance against loss of the farm equipment as provided for in the contracts. Under these circumstances, the Stinsons had a right to repossess the equipment. The repossession was done peacefully and in accordance with Mississippi Code Annotated section 75-9-503 (1972), which provides as follows:
Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action. If the security agreement so provides the secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties. Without removal a secured party may render equipment unusable, and may dispose of collateral on the debtor's premises under Section 9-504 [§ 75-9-504].
The Stinsons did what they had a legal right to do and the lower court properly sustained Stinson's motion for a directed verdict on both the issue of punitive damages and alleged crop-loss damages.
However, the court erred in submitting the question of whether there had been a breach of the contract to the jury and failing to sustain Stinson's motion for a directed verdict on that issue. Therefore, judgment against the Stinsons in favor of Johnston for $19,560.31 is, therefore, set aside.
Affirmed on direct appeal and reversed and rendered on cross-appeal.[1]
AFFIRMED ON DIRECT APPEAL AND REVERSED AND RENDERED ON CROSS-APPEAL.
PATTERSON, C.J., SUGG, P.J., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.
NOTES
[1] Our decision in this matter does not affect any rights between the parties involving the sale of soybeans produced and sold off that tract of land known as "Stockfelt."